# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 737

SALVATION ARMY v. FRANKENSTEIN

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2917. Decided June 28, 1926

1296. ZONING—Where the erection of a theater in a certain district is permitted by the zoning law, it cannot be contended that the building is a nuisance per se.,

BUCHWALTER, P. J.

The Salvation Army instituted this action against Eli G. Frankenstein in the Hamilton Common Pleas, seeking to enjoin Frankenstein from proceeding with the erection of a building upon his premises. The building, it was claimed, was to constitute a theater and due to the fact that it was within 250 feet of the plaintiff's maternity hospital, an injunction should be granted.

The cause was appealed to the Court of Appeals and plaintiff claims that defendant is proceeding under color of a permit to erect a building not covered by said permit; that no amended permit was issued; the erection is contrary to an ordinance referring to offensive noises; that it constitutes a nuisance; that the issuing of the permit is unwarranted by the zoning act; and that music in the theater would disturb patients in the hospital and would constitute a nuisance.

The Court of Appeals held:

1. The Building Commissioner testified that the permit for the erection of the building was issued according to the usual practice in his office.

2. The building is not a nuisance per se for such building is permitted under the zoning law in the zone designated as "Business A District".

3. The evidence shows that the building is more than 250 feet from the hospital, so that the quiet zone ordinance would not apply.

4. It is contended that the structure would violate an ordinance providing that a theater cannot be licensed to operate within 300 feet from a church.

5. This ordinance does not provide against the erection of the building itself, although it authorizes the mayor to refuse a license for operating a theater under certain conditions.

6. The fact that religious services are conducted in the hospital from time to time does not constitute it a church edifice within the meaning of the ordinance.

7. If the theater as operated proves to be offensive the plaintiff will have protection of the police powers of the city; and the mayor may revoke the license. Issues are for the defendant.

Decree accordingly.

Attorneys—Sylvester Hickey, Paul Geoghegan, and E. R. Heisel for pltf.; Eli G. Frankenstein and Matthews & Matthews for deft., Alfred Bettman for Planning Commission; all of Cincinnati.